**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated, | Case No. 24-4395 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| VICTORY HOME REMODELING LLC | |
| Defendant. | |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff James E. Shelton ("Mr. Shelton"), by his undersigned counsel, for this class action complaint against Victory Home Remodeling LLC, as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I.   INTRODUCTION

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      The Plaintiff James E. Shelton alleges that Victory Home Remodeling LLC made unsolicited pre-recorded telemarketing calls to Mr. Shelton and others without their prior express consent.

3.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II.      PARTIES

5.   Plaintiff Shelton is an individual who resides in the Eastern District of Pennsylvania.

6.   Defendant, Victory Home Remodeling LLC is a New Jersey corporation which is registered to do business in Pennsylvania, and, *inter alia*, advertises its services legally with Philadelphia Eagles Wide Receiver DeVonta Smith attending a ribbon-cutting ceremony at its new Philadelphia office, but also using illegal prerecorded telemarketing.

## III.      JURISDICTION AND VENUE

7.   Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8.   Personal Jurisdiction: The Court has general personal jurisdiction over Defendant because it has consented to the exercise of general personal jurisdiction over it in Pennsylvania by registering to do business in Pennsylvania.

9. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—was sent into this District.

## IV.    FACTS

**A.    The TCPA Prohibits Prerecorded Calls to Cell Phones**

10.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

12.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.    Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as

in the case of cellular phones), or because the numbers are assigned to services for which the

called party is charged, thus shifting the cost of automated or prerecorded messages onto

consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020)

(Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

15.     This cause of action applies to users of any one of the four protected services

(pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch

systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any

service, including residential, VoIP, and landline services, for which the called party is charged

for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6

(E.D. Pa. July 15, 2021).

16.     "Non-emergency prerecorded voice or autodialed calls to [the destinations

enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of

the called party." This includes calls made using artificial or prerecorded voices pitching

business-oriented services. *See* FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall

& Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC

Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

17.     Non-consensual, non-emergency calls placed using an ATDS or an artificial or

prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory*

*Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt

and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A)

prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To

hold otherwise would read the words "any person" and "any call" out of the statute. *See id.*

**B.     Unsolicited Telemarketing to Plaintiff**

18.     Plaintiff Shelton is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.     Plaintiff's residential cellular telephone number is (215)-XXX-XXXX, and has been on the National Do Not Call Registry for more than a year prior to the calls at issue.

20.     Mr. Shelton uses the number for personal, residential, and household reasons.

21.     Mr. Shelton does not use the number for business reasons or business use.

22.     The number is a residential telephone line because it is not assigned to a telephone exchange service for businesses.

23.     The number is assigned to a cellular telephone service.

24.     Plaintiff Shelton never consented to receive calls from Defendant.

25.     Plaintiff Shelton never did business with the Defendant.

26.     Defendant should have stuck with using DeVonta Smith for its marketing instead of using illegal robocalls. But instead, Defendant used illegal robocalls to call the Plaintiff, including at least one call on August 21, 2024 at 17:51z from the caller ID 445-215-3119.

27.     This call was sent using a pre-recorded voices, possibly using an Artificial Intelligence (AI) robot or Mechanical Turk, and began:

> Hi, Philip? This is Matt calling on behalf of Superior Home. How are you today?
>
> And actually, the reason that we're calling today is just to follow up on your requests for more information about replacing your home windows.
>
> Now, whether you're looking to replace your windows for an affordable price or you just want to upgrade for more energy efficiency, now really is the time to get a free quote.

28.     Further demonstrating that the call was illegally placed using a prerecorded voice, the robot asked for the Plaintiff's permission to transfer the call to a `local installer partner,` which it stated, `may use an automatic dialing system, just like what I've used today to contact you at this number, even if it's a wireless number.`

29.     The robot is obviously mistaken. The Plaintiff is not "Philip," nor did the Plaintiff seek a quote to replace home windows.

30.     Moreover, "Superior Home" is merely an alias for the Defendant, since *during the call* and the time the Plaintiff was on the call, the Plaintiff received the following text message from the caller ID 732-845-6950:



31.     Thereafter, during the very same call, the robot transferred the call over to "Ben," a human employee of Victory Home Remodeling.

32.     The aforementioned call was placed using a prerecorded voice because: (a) the robot's questions and speech were sometimes cut off, (b) the robot had a generic, monotone voice, (c) the robot admitted it was a robot, (d) it would be illogical for a human to call someone

and play various scripted questions and statements without the ability to engage in dialogue, (d) the Plaintiff sometimes needed to repeat his responses multiple times to the robot to advance, and (e) the robot repeated the same identical phrases during the call multiple times exactly the same way, just like playing back a recording.

33.     The aforementioned call to the Plaintiff was unwanted.

34.     The call was a nonconsensual encounter.

35.     The call was made in an attempt to sell the Plaintiff windows.

36.     Plaintiff does not own windows.

37.     Plaintiff's privacy has been violated by the above-described telemarketing call.

38.     Plaintiff never provided his consent or requested the call.

39.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## V.     CLASS ACTION ALLEGATIONS

40.     <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class defined as follows:

**<u>Robocall Class:</u>** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers, specialized mobile radio numbers, radio common carrier numbers, or numbers for which they were charged for the call (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint.

41. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

42. The Class, as defined above, is identifiable through telephone records and telephone number databases.

43. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

44. Individual joinder of these persons is impracticable.

45. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

47. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied them from receiving legitimate communications.

48. This class action complaint seeks injunctive relief and money damages.

49. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

(ii) Whether Defendant used an artificial or pre-recorded voices to make the calls;

(iii) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls; and

(iv)    whether members of the Class are entitled to treble damages based on the

willfulness of Defendant's conduct.

50.    Plaintiff's claims are typical of the claims of the Class, as they arise out of the

same common course of conduct by Defendant and are based on the same legal and remedial

theories.

51.    Plaintiff is an adequate representative of the Class because his interests do not

conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and he is represented by counsel skilled and experienced in class actions, including TCPA

class actions.

52.    Common questions of law and fact predominate over questions affecting only

individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class

members, which will be ascertainable from records maintained by Defendant and/or its agents.

53.    A class action is the superior method for the fair and efficient adjudication of this

controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The

interests of individual members of the Class in individually controlling the prosecution of

separate claims against Defendant is small because the damages in an individual action for

violation of the TCPA are small. Management of these claims is likely to present significantly

more difficulties than are presented in many class claims. Class treatment is superior to multiple

individual suits or piecemeal litigation because it conserves judicial resources, promotes

consistency and efficiency of adjudication, provides a forum for small claimants, and deters

illegal activities. There will be no significant difficulty in the management of this case as a class action.

54.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

<u>**FIRST CAUSE OF ACTION**</u>
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

55.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

56.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

57.     The Defendant's violations were negligent, willful, or knowing.

58.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

59.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.      Certification of the proposed Class;

    B.      Appointment of Plaintiff as representative of the Class;

    C.      Appointment of the undersigned counsel as counsel for the Class;

    D.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

    E.      An award to Plaintiff and the Class of damages, as allowed by law; and

    F.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

**VI.        DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this August 22, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
E.D. Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

11

/s/ Anthony Paronich
Anthony Paronich
(*Pro Hac Vice* Forthcoming)
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100


*Attorneys for Plaintiff and the Proposed Class*